IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JEFFREY RICHARDS, #286446           *
      Plaintiff,
v.                                  *   CIVIL ACTION NO. WDQ-14-2001

MS. HUBER, *et al.*                 *
HUBER & ASSOCIATES
      Defendants.                   *
                                       *****

MEMORANDUM

On June 19, 2014, the Court received for filing the above-styled 42 U.S.C. § 1983 civil rights action submitted by Maryland Division of Correction inmate Jeffrey Richards ("Richards"). Richards states that the Department of Parole and Probation sent him to a treatment program for an examination. He claims that he was questioned and examined by a woman who runs the program and he complains that she defamed him, resulting in his re-incarceration and his parole being violated. ECF 1. Richards seeks damages of $2,000,000.00 for alleged libel, slander, emotional distress, mental anguish, and false statements. *Id.* Because he appears indigent, Richards shall be granted leave to proceed in forma pauperis. His complaint shall, however, be summarily dismissed.

Insofar as Richards has raised an allegation of slander, he has failed to state a claim under § 1983. The decision of the Supreme Court in *Paul v. Davis*, 424 U.S. 693 (1976) is dispositive here. In that case, the Supreme Court discussed at some length the limits of a protected liberty interest and held that a plaintiff may not rely on defamatory statements as the basis for a due process claim asserted under § 1983. Harm or injury to a plaintiff's interest to his reputation does not result in the deprivation by a state of a plaintiff's due process "liberty" or "property" interests. *Id.* at 712. In this case, it is apparent that Richards is seeking damages and other relief primarily because his reputation was allegedly damaged by public disclosures. Under *Paul*, a claim of this sort is not

maintainable under § 1983. *See also Siegert v. Gilley*, 500 U.S. 226, 233 (1991). An action for damages to reputation "lies...in the tort of defamation, not in 42 U.S.C. § 1983." *Fleming v. Dep't of Public Safety*, 837 F.2d 401, 409 (9th Cir. 1988).

Because Richards's prisoner civil rights case fails to state a claim and is premised on an "indisputably meritless legal theory," his case shall be dismissed pursuant to 28 U.S.C. § 1915(e).[1] He is hereby notified that he may be barred from filing future suits in forma pauperis if he continues to file federal civil rights actions that are subject to dismissal under § 1915(e) or Rule 12(b)(6).[2] This constitutes the first § 1915(e) strike to be assessed against Richards. A separate order follows.

Date: June 24, 2014.

William D. Quarles, Jr.
United States District Judge

---

[1]  28 U.S.C. § 1915(e)(2) states that:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–

(A)  the allegation of poverty is untrue; or
(B)  the action or appeal--
(i)  is frivolous or malicious;
(ii)  fails to state a claim on which relief may be granted; or
(iii)  seeks monetary relief against a defendant who is immune from such relief.

[2]  28 U.S.C. § 1915(g) states as follows:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Once three such dismissals under § 1915(e) or Rule 12(b)(6) of the Federal Rules of Civil Procedure have been accumulated, a prisoner will be barred from initiating further civil actions in forma pauperis, absent extraordinary circumstances.